UNITED STATES of America, Appellee,

v.

Virginia COCOMAN and Mary Mallott, Appellants.

Nos. 729, 731, Dockets 89–1396, 89–1398.

United States Court of Appeals, Second Circuit.

Argued March 2, 1990.

Decided May 9, 1990.

---

Joseph F. Tringali, Simpson Thacher & Bartlett, New York City (Charles C. Graves, II, Melany R. Gray, of counsel), for appellants.

Douglas T. Burns, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, Chief Judge, and KEARSE and WALKER, Circuit Judges.

OAKES, Chief Judge:

Virginia Cocoman and Mary Mallott appeal judgments of conviction entered against them on July 28, 1989, following a bench trial in the United States District Court for the Eastern District of New York, Jacob Mishler, Judge. Cocoman and Mallott were convicted of entering a closed area of Fire Island National Seashore, in violation of 36 C.F.R. § 1.5(f) (1989), which makes criminal the entry by unauthorized persons into areas closed by the National Park Service. The district court imposed $200 fines on each. Because Cocoman and Mallott were prosecuted improperly upon a violation notice instead of upon an indictment or information, we reverse.

## FACTS

The events leading up to the arrests and conviction of Cocoman and Mallott stemmed from the Park Service's controversial plan to close off a section of the Fire Island National Seashore to allow deer hunting from December 17 to December 23, 1988. Those opposed to deer hunting in the park, who apparently first heard of the plan through a report published on December 9, 1988, initially sought to enjoin the hunt, but without success. Not deterred, many planned to do what they could to frustrate the hunters, including using catcalls, whistles, auto horns, and other methods to alert the deer as to the presence of the hunters.

Cocoman and Mallott went to the park on December 17, 1988, and joined a group congregating outside the restricted area, which was identified by signs posted by the Park Service. Cocoman and Mallott testified that they heard a friend, Ronnie Wallace, screaming in pain, and saw her being dragged against her will by two persons in dark clothing.[1] Cocoman and Mallott then saw the two persons bring Wallace into the restricted area. Cocoman and Mallott testified that they breached the restricted area out of concern for Wallace and in an effort to help her. They testified that only after they had entered the restricted area did they realize that the two persons carrying Wallace away were park police officers. The officers subsequently arrested Cocoman and Mallott for entering the restricted area.

The Government proceeded against Cocoman and Mallott pursuant to a charging instrument known as a violation notice, which looks like an ordinary traffic ticket. Both Cocoman and Mallott were issued similar handwritten violation notices that listed the time, date, and location of the alleged offense; the name, address, date of birth, race, and gender of the accused; the name and identification number of the officer issuing the citation; the regulation violated, in this case 36 C.F.R. § 1.5(f); and a brief description of what happened. The violation notice for Cocoman stated that the offense occurred at "Fire Island" and described the offense as "Enter [sic] into Posted closed area." The violation notice for Mallott stated that the offense occurred at "Fire Island Nat. Seashore" and described the offense as "enter [sic] posted closed area." Neither violation notice was signed by a Government attorney.

Cocoman and Mallott initially were brought before United States Magistrate Frederic L. Atwood, pursuant to Rule 2(a) of the Rules of Procedure for the Trial of

---

1. Wallace suffers from Lyme disease, as does Cocoman. Lyme disease is thought to cause pronounced pain around the joints, and apparently Wallace's agony was brought upon by her being forcibly carried away. Ironically enough, the fact that deer carry the ticks that transmit Lyme disease did not dampen Cocoman's and Wallace's enthusiasm for protesting the hunt.

Misdemeanors Before United States Magistrates ("Magistrates Rules"), which allows federal magistrates to try petty offenses charged by violation notice. After the defendants exercised their right under Magistrates Rules 2(b)(5), 2(c), and 3(a) to demand a trial before a United States district judge, Magistrate Atwood transferred the case to the district court. The Government did not have either defendant recharged by an indictment or information, and continued to rely on the original violation notices as the requisite charging instruments. Prior to trial, Cocoman and Mallott moved to dismiss, arguing that because they were being tried in a district court, they could be charged only by indictment or information and not by violation notice. Moreover, they argued, the violation notices failed both for lack of specificity in their descriptions of the offenses and for lack of signature by a Government attorney. Finally, Cocoman and Mallott argued that the regulation closing off the portion of the park for deer hunting was invalid because it was not promulgated pursuant to the notice and comment rulemaking procedures of the Administrative Procedure Act, 5 U.S.C. § 553 (1988). The district court denied the motion to dismiss.

During the bench trial, Cocoman and Mallott admitted to entering the restricted area but asserted an affirmative defense of justification, arguing that their actions were necessary to assist Wallace. In a memorandum of decision dated July 28, 1989, the district court found Cocoman and Mallott guilty.

## DISCUSSION

Ordinarily, an indictment or information is an essential prerequisite for prosecuting a federal offense. Under the Federal Rules of Criminal Procedure, any offense prosecuted in a United States district court must proceed by indictment or information. *See* Fed.R.Crim.P. 1, 7(a), 54(a). The rules governing trials of misdemeanors by United States magistrates create a narrow exception to this requirement. Rule 1(b) of the Magistrates Rules provides that, unless specifically stated, a magistrate is not bound by the Federal Rules of Criminal Procedure when trying "petty offenses for which no sentence of imprisonment will be imposed." In that situation, the prosecution may proceed upon violation notice instead of upon indictment or information. *See* Magistrates Rule 2(a).

Whether the prosecution of Cocoman and Mallott would have fallen into that narrow exception is not relevant. Once they exercised their right to refuse to appear before the magistrate and to demand a trial before a United States district judge, *see* Magistrates Rules 2(b)(5), 2(c), 3(a), the violation notices were no longer permissible charging instruments. *Cf. Gomez v. United States*, — U.S. —, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989) (noting the centrality of consent as prerequisite to the operation of magistrate proceedings). As noted above, Federal Rule of Criminal Procedure 7(a) requires an indictment or an information as the basis for any criminal prosecution in a United States district court. Nothing in Rule 7(a) indicates any intent to exclude petty offenses from that requirement. In fact, the rule anticipates the exact opposite. The advisory committee's note makes particular mention that "[p]etty offenses and misdemeanors for which no infamous punishment is prescribed may now be prosecuted by information." *See* Fed.R.Crim.P. 7(a) advisory committee's note 2. Certainly, had the framers of the criminal rules intended that petty offenses be triable in a United States district court also upon a violation notice, they would have noted that as well.

The observations of the drafters of the Magistrates Rules support our reading of Rule 7(a). Discussing those instances in which a defendant exercises the right to demand a trial before a district judge instead of a magistrate, the advisory committee's note states, "In the great majority of these cases, the offense will have been charged by a complaint, citation or violation notice, *but pursuant to Fed.R. Crim.P. 7(a) may be prosecuted before a district judge only by indictment or information.*" Magistrates Rule 3(a) advisory committee's note (emphasis added). The purpose of this, the note further states, is

to place the case in the hands of the attorney for the Government, who will decide whether the case merits prosecution before the district judge. *Id.* Here the Assistant United States Attorney apparently assumed that the United States Attorney would want to proceed, an assumption by no means obvious given the relatively minor nature of the crime and the competing demands on prosecutorial and judicial resources in the Eastern District of New York. As it turned out, this assumption was an error that proved costly to the defendants, the district court, and the court of appeals, as well as to the Government.

Notwithstanding the conspicuous silence of the Federal Rules of Criminal Procedure, and the unequivocal declaration of the Magistrates Rules, the Government still, somehow, contends that it was permissible to try Cocoman and Mallott upon the violation notices issued by the park police. The Government observes that an addition to the Federal Rules of Criminal Procedure, which was pending at the time of argument and was later adopted by the Supreme Court on May 1, 1990, would allow a petty offense to be prosecuted by violation notice. *See* Preliminary Draft of Proposed Fed.R.Crim.P. 58(b)(1) (Jan. 1990) ("The trial of a misdemeanor may proceed on an indictment, information, or complaint or, in the case of a petty offense, on a citation or violation notice."). The Government insists that the new Rule 58 simply codifies what it depicts as the long-standing permissible practice of using a violation notice as the charging instrument for trying a petty offense before a district judge. As support, it latches on to a representation in the advisory committee's note to the effect that the new Rule 58 is technical in nature and does not enact any substantive changes. *See id.* advisory committee's note at 12 ("A number of technical changes have been made throughout the rule and unless otherwise noted, no substantive changes were intended in those amendments. The Committee envisions no major changes in the way in which the trial of misdemeanors and petty offense[s] are currently handled.").

This generic observation furnishes a feeble reed on which to hang the weighty proposition that prosecution by violation notices of petty offenses has always been permissible under the Federal Rules of Criminal Procedure for trials held before district judges—especially in light of the decisive authority holding just the opposite. In fact, other commentary explaining the new Rule 58 belies the Government's interpretation of the rule as a codification of existing practices. The committee's note to the rule explains the purpose of the rule as allowing district judges to use abbreviated procedures available to magistrates, *see id.* advisory committee's note to subdivision (a), and in so doing, presumes that these procedures currently are not allowed in trials held before a district judge.

The Federal Rules of Criminal Procedure, both as effective at the time of Cocoman's and Mallott's trial and as amended, and the Magistrates Rules lead to the unavoidable conclusion that, until the new Rule 58 takes effect, the Government must produce an indictment or an information before it may prosecute a petty offense in a trial before a district judge.

As the rule presently stands, persons initially brought before magistrates and charged with violations who then exercise their rights to a district court trial are entitled to be proceeded against by information or indictment. The signature of the United States Attorney on the information or indictment evidences the exercise of prosecutorial discretion. The requirement that the United States Attorney exercise prosecutorial discretion is not an insignificant one, since in a relatively minor case such as this one, the United States Attorney might well determine, in light of competing law enforcement needs, that prosecution does not warrant the commitment of prosecutorial and judicial resources that might better be employed elsewhere.

The Government's failure to charge Cocoman and Mallott either by indictment or information, as required by Federal Rule of Criminal Procedure 7(a), is fatal to the convictions that followed. *See United States v. Morales-Rosales,* 838 F.2d 1359, 1361–62 (5th Cir.1988) (defective information deprives court of jurisdiction); *United States v. Macklin,* 523 F.2d 193, 196 (2d Cir.1975)

("The absence of an indictment is a jurisdictional defect which deprives the court of its power to act."). Accordingly, we reverse the convictions. Because we find the violation notices defective as charging instruments, we need not address the other challenges to the notices or the other arguments Cocoman and Mallott raise on this appeal.

Judgments reversed.