13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOHN ROBERT COMPTON Defendant-Appellant.
 No. 93-2125.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 Before LOGAN, GARTH* and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT**
 GARTH, Circuit Judge.
 
 
 1
 Defendant John Robert Compton appeals from the district court's judgment affirming his conviction and sentence by a federal magistrate judge for driving while under the influence of intoxicating liquor ("DUI") in violation of N.M.Stat.Ann. Sec. 66-8-102.[1] Since the offense was committed on a federal military installation, it is cognizable as a federal crime pursuant to the Assimilative Crimes Act, 18 U.S.C. Sec. 13.[2]
 
 
 2
 Compton was arrested on February 20, 1992 after he was stopped by a federal security officer while driving through the Kirtland Air Force Base in Albuquerque, New Mexico. The arrest occurred shortly after Compton left the Guardsman's Club at Kirtland Air Force Base, where he had been drinking. Although he refused to take a breath test, Compton agreed to a blood test. When the laboratory tests revealed his blood alcohol to be 0.227 percent, Compton was advised of his rights and was issued a violation notice for driving while under the influence of intoxicating liquors.
 
 
 3
 The notice document charging Compton with violating New Mexico Stat.Ann. 66-8-102 did not specifically allege a violation of the Assimilative Crimes Act, 18 U.S.C. Sec. 13. The charging document, however, was clearly labeled as a "United States District Court Violation Notice," and stated that a mandatory court appearance was required. The violation notice further stated that the violation occurred on the Kirtland Air Force Base. Compton and his attorney both signed a United States District Court consent form, agreeing to proceed before the United States magistrate in a petty offense case. At no time during the proceeding before the federal magistrate did Compton object to the jurisdiction of the federal court.
 
 
 4
 Under these circumstances, we reject Compton's claim on appeal that the magistrate judge did not have jurisdiction to hear the petty offense case, or that Compton did not have adequate notice of the charge against him. Compton was fully apprised of the nature and elements of the offense with which he was charged--driving while under the influence of alcohol in violation of New Mexico law while on a United States military installation. We are satisfied that Compton could not possibly have been prejudiced in his ability to defend against the DUI charge clearly referenced on the violation notice. We therefore refuse to dismiss the charge against Compton of driving while under the influence of alcohol.[3] See Fed.R.Crim.P. 58; United States v. Bedonie, 913 F.2d 782, 791 (10th Cir.1990), cert. denied, 113 S.Ct. 2895 (1991); United States v. Brotzman, 708 F.Supp. 713, 716 (D.Md.1989).
 
 
 5
 We, however, agree with Compton and the Government that this case must be reversed and remanded to the district court, which in turn may remand to the federal magistrate judge either to afford Compton his right to a jury trial or, alternatively, to sentence him as a first-time offender. When the trial began before the federal magistrate judge, Compton was charged as a first-time offender and, therefore, risked a maximum statutory penalty of 90-days imprisonment. Although he was not at that time entitled to a jury trial, Blanton v. City of North Las Vegas, 489 U.S. 538, 539 (1989), Compton's right to a jury trial attached when the federal magistrate judge informed him at trial that he faced an enhanced sentence of up to a year imprisonment as a second offender.[4] United States v. Nachitigal, 113 S.Ct. 1072, 1073-74 (1993); Baldwin v. New York, 399 U.S. 66, 69 n. 6 (1970).
 
 
 6
 Once the maximum penalty exceeded six months the DUI charge no longer was a petty offense, and the magistrate judge could no longer proceed on the violation notice as the charging document. Fed.R.Crim.P. 58(b)(1); United States v. Cocoman, 903 F.2d 127, 129-30 (2d Cir.1990).
 
 
 7
 REVERSED AND REMANDED for further proceedings consistent with the foregoing opinion.
 
 
 
 *
 The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The New Mexico statute provides in relevant part:
 66-8-102 Persons under influence of intoxicating liquor or drugs; penalty.
 A. It is unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle within this state.
 * * *
 D. Every person under first conviction under this section shall be punished ... by imprisonment for not less than thirty days or more than ninety days....
 E. A second or subsequent conviction under this section shall be punished ... by imprisonment for not less than ninety days or more than one year....
 (1) upon a second or third conviction occurring within five years of a prior conviction, each offender shall be sentenced to a jail term of not less than forty-eight consecutive hours which shall not be suspended or deferred or taken under advisement....
 N.M.Stat.Ann. Sec. 66-8-102.
 
 
 [2]
 The Assimilative Crimes Act, aimed at filling in gaps resulting from the failure of Congress to prohibit certain conduct, incorporates the New Mexico DUI offense by reference. The Act in pertinent part provides:
 Whoever within or upon [the special maritime and territorial jurisdiction of the United States] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.
 18 U.S.C. Sec. 13(a).
 
 
 [3]
 We note that reference to 18 U.S.C. Sec. 13 on pre-printed United States District Court violation notices used for this purpose might avoid assertions of jurisdictional defects and thus help to conserve valuable judicial resources in the future
 
 
 [4]
 See note 1, supra: N.M.Stat.Ann. Sec. 66-8-102(E)