UNITED STATES of America, Plaintiff,

v.

**Joel P. LeHOUILLIER, Defendant.**

No. 96–1597M.

United States District Court, D. Colorado.

Aug. 27, 1996.

Ronald Peterson, Colorado Springs, for defendant.

Carl Graham, Special Assistant United States Attorney, for plaintiff.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on the motion to quash service and to dismiss summons and complaint filed by Defendant Joel P. LeHouillier (Defendant). The Court has reviewed the motion and response from Plaintiff. Further argument will be waived.

The documents in the file reflect the following facts. On February 7, 1996, Defendant was cited for speeding at Fort Carson, Colorado. Defendant received violation notice A1870148. Defendant signed the "promise to appear" section on the back of the violation notice.

The violation notice was processed through the Central Violations Bureau (CVB) in San Antonio, Texas. A notice purportedly was sent by the CVB to Defendant at the address shown on the violation notice. This address had been obtained from Defendant's driver's license at the time he was stopped. Defendant did not appear for the scheduled court hearing. A warrant was issued for Defendant's arrest.

A "notice before arrest" was sent to Defendant at the address listed on the violation notice. Defendant contacted officials at Fort Carson and ultimately this Court to schedule a hearing. Counsel entered his appearance for Defendant and filed the motion that is before the Court.

Defendant is charged with speeding under Colo.Rev.Stat. § 42–4–1101, as applied to Fort Carson through the Assimilative Crimes Act (ACA). 18 U.S.C. § 13. Defendant is charged with driving sixty-six miles per hour in a forty mile-per-hour zone. This charge carries a possible maximum sentence of ninety days confinement and a $300 fine.

Defendant has raised a number of points in his motion. Each will be discussed separately.

*Notice of Posted Speed:* Defendant first argues that the violation notice fails to set forth the speed at which he was traveling and the posted limit. Defendant's motion, p. 1. Defendant argues that this should lead to dismissal of this violation notice.

■ The violation notice before the Court has a check mark in the box denominated "exceeded sp. limit by Driving 66 mph in 40 zone." The check mark, 66, and 40 are all entered in handwriting, presumably by the issuing police officer. A fair reading of this violation notice would indicate that Defendant is charged with violating the ACA and Colo.Rev.Stat. § 42–4–1101 by exceeding the posted forty mile per hour speed limit by twenty six miles per hour. The violation notice appropriately advises Defendant of the alleged charge against him.

*Time and Place of Hearing:* Defendant next argues that the violation notice did not contain a date and time for a court hearing. Defendant relies upon Colo.Rev.Stat. § 42–4–1501(1) and Colo.Rev.Crim.P. 4.1(c)(4).

■ This is a federal case governed by federal procedure. The ACA does not assimilate state procedure, only substantive crimi-

nal offenses. *United States v. Thomas,* 68 F.3d 392 (10th Cir.1995); *United States v. Sain,* 795 F.2d 888 (10th Cir.1986). The state practice in Colorado has no applicability to the violation notice issued to Defendant.

Defendant also argues that federal procedure was not followed as to the issuance and service of a summons. Defendant relies upon Fed.R.Crim.P. 4 and Fed.R.Crim.P. 9. Defendant relies upon rules that apply to other than petty offenses.

■ Fed.R.Crim.P. 58 applies to issuance of violation notices. The Rule provides, in part, as follows:

> (b)(1) The trial of a misdemeanor may proceed on an indictment, information, or complaint or, in the case of a petty offense, on a citation or violation notice.

This Rule allows then for this matter to proceed by violation notice. *United States v. Cocoman,* 903 F.2d 127 (2d Cir.1990) (previous Rule 2a of U.S. Magistrates Rules required a case to proceed to trial only upon indictment or information, unless the charge was a petty offense for which no imprisonment could be imposed).

■ In this case, Defendant received a violation notice that adequately described the charge and underlying legal citations. Defendant received a copy of the violation notice, as he signed for it in the "promise to appear" section. The CVB then sent notice to Defendant. Perhaps an error was made, but Defendant was not arrested. The notice before arrest allowed Defendant to contact the Court and to set a hearing.

*Conclusion:* Defendant has presented no basis under federal law or practice that requires dismissal of the violation notice. Defendant has not been required to waive any rights and still retains his right to plead not guilty and to have a trial.[1] As a practical matter, Defendant has not suffered any prejudice to his case at all.

IT IS HEREBY ORDERED that Defendant's motion to quash service and dismiss complaint is denied.

---

**1.** Defendant is not entitled to a jury trial in light of *Lewis v. United States,* —— U.S. ——, 116 S.Ct.

DATED and ENTERED this 27th day of August, 1996.

2163, 135 L.Ed.2d 590 1996 WL 340809.