**UNITED STATES of America**

v.

**Thomas BROTZMAN.**

**Crim. No. S 89–057.**

United States District Court, D. Maryland.

March 29, 1989.

Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., Hollis Raphael Weisman, Asst. U.S. Atty., Hyattsville, Md., for plaintiff.

Eugene Muskus, Marlow Heights, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

### I.

The United States, utilizing its newly-gained power to appeal sentences that, it contends, are imposed in violation of law, *see* 18 U.S.C. § 3742(b)(1) and (f) (Supp. V 1987), appeals a sentence entered by a United States Magistrate for this District. On October 18, 1988, the defendant entered pleas of guilty to charges of driving with expired license plates and operating a motor vehicle while his privileges were suspended. Only the offense of driving-while-suspended is at issue in the present appeal. After having obtained a presentence investigation, the Magistrate arrived at his disposition of the driving-while-suspended charge during a sentencing hearing on January 26, 1989. Rather than impose sentence pursuant to 18 U.S.C. ch. 227 (Supp. V 1987), the Magistrate proceeded pursuant to the provisions of Md.Ann.Code art. 27, § 641 (1987 & Supp.1988), by staying the entry of judgment and placing the defendant on probation before judgment. The United States opposed this disposition of the charge, arguing that, even though probation before judgment might be available in an offense prosecuted under the Assimilative Crimes Act, 18 U.S.C. § 13 (1982), *see United States v. Holley*, 444 F.Supp. 1361 (D.Md.1977), the particular offense committed by this defendant was not an assimilated offense, but was a violation of a federal regulation duly promulgated by the Secretary of the Interior under statutory authority codified in 16 U.S.C. § 3 (1982). Thus, the Government argued, the sentencing provisions of Maryland law were not available in this instance. The United States takes, on this appeal, the same position taken before the Magistrate. The defendant did not submit an opposing brief within the time limits of Local Rule 82(a), D.Md., but rests on his memorandum submitted to, and the transcribed argument before, the Magistrate. This Court agrees with the Government's position, and it holds that the Magistrate lacked statutory authority to sentence the defendant under the provisions of Maryland law. Thus, the sentence was imposed contrary to law.

### II.

Motor vehicle traffic within the national parks (defendant was driving on the Baltimore–Washington Parkway, a national park) is governed by a set of regulations found in 36 C.F.R. (1988). Specifically, 36 C.F.R. § 4.2(a) (1988) incorporates, by reference, state substantive traffic and vehicle-use laws as the rules for the operation of motor vehicles within national parks of the state in which the park is located. Subdivision (b) of the same regulation prohibits violating such a provision of state law. A separate penalty provision is set forth in 36 C.F.R. § 1.3(a) (1988), providing penalties consisting only of a fine of not more than $500, imprisonment for no longer than six months, or both, plus liability for the costs of prosecution. Unlike Maryland law, the federal penalty regulation does not allow a stay of judgment with probation before

judgment. Neither the penalty regulation (§ 1.3(a)) nor the substantive regulation (§ 4.2) incorporates state-law penalties.

It is clear from the history of these regu-lations, as amended in 1987, that there was an express attempt by the Secretary of the Interior to avoid the application of state-law penalties, as would be the case were similar offenses prosecuted under the Assimilative Crimes Act. The regulatory history provides:

> The NPS wishes to emphasize the fact that, although substantive provisions of State law are adopted, administrative or penalty provisions of State law are not. A person convicted in Federal court of a violation of State law under § 4.2 would be subject only to the penalty provisions in 36 C.F.R. 1.3, regardless of whether State law provides for a greater or less severe penalty, a mandatory penalty or only a minor administrative penalty such as administrative training. However, imposition of specific penalties remains a matter of judicial discretion.

52 Fed.Reg. 10678 (1987). Thus, the Secretary has expressly attempted to divorce these regulations from the Assimilative Crimes Act and to incorporate into these regulations, by reference, *only* the substantive provisions of state law governing motor vehicle offenses.

The Court is of the opinion that the Secretary's attempt was authorized by law and is effective for the purpose intended. The primary question is whether these regulations constituted "any enactment of Congress." If the regulations do not fall within that category, then the only means of prosecution for a traffic offense within a national park is a charge under the Assimilative Crimes Act. *See United States v. Mariea*, 795 F.2d 1094, 1098–99 (1st Cir. 1986). The Court is of the opinion that the regulations adopted by the Secretary of the Interior, although not in themselves acts of Congress, are encompassed within the phrase "enactments of Congress" as that phrase is utilized in the Assimilative Crimes Act. Most of the recent cases addressing the interpretation of "enactments of Congress" have addressed the Uniform

Code of Military Justice, holding that it does not constitute such an enactment. These cases consistently point out that the Assimilative Crimes Act was intended simply "to supplement *generally applicable* federal criminal laws (primarily, the Federal Criminal Act, later codified as the Federal Criminal Code)," *id.* at 1098 (emphasis in original). Although not part of the Federal Criminal Code, regulations promulgated by the Secretary of the Interior pursuant to 16 U.S.C. § 3 have been held to be valid and criminally enforceable regulations generally applicable to the conduct of all persons within the national parks. *See Wilkenson v. Department of the Interior*, 634 F.Supp. 1265, 1279 (D.Colo.1986) (citing *Robbins v. United States*, 284 F. 39, 45 (8th Cir.1922)). It was held in *United States v. Peterson*, 91 F.Supp. 209, 213 (S.D.Cal.1950), *aff'd*, 191 F.2d 154 (9th Cir.), *cert. denied*, 342 U.S. 885, 72 S.Ct. 174, 96 L.Ed. 664 (1951), that regulations promulgated pursuant to 16 U.S.C. § 3 have the force of law and that the Government has a criminal remedy against those who violate them. Under these circumstances, then, the Court concludes that the regulations in question constitute specific "enactments of Congress" that preclude application of the Assimilative Crimes Act. The Fourth Circuit, while it has not addressed this precise point, has indicated that the national park regulations promulgated under 16 U.S.C. § 3 are to be given the force of federal law. *See United States v. Eubanks*, 435 F.2d 1261, 1262 (4th Cir.1971) and *United States v. Pardee*, 368 F.2d 368, 372 (4th Cir.1966).

### III.

The remaining questions are readily answered. There is no reason why the Secretary cannot incorporate, by reference, the substantive provisions of state traffic law, without incorporating state-law penalty provisions. Although the Fourth Circuit has held that the Assimilative Crimes Act does not permit such selective incorporation, *United States v. Robinson*, 495 F.2d 30, 33 (4th Cir.1974), the regulations at issue in *Robinson* made specific reference to the Assimilative Crimes Act. The regulations at issue here do not spring in

any fashion from that Act. This Court discerns nothing in 16 U.S.C. § 3 that indicates an intent by Congress to restrict the Secretary of the Interior, in his rule-making function, from borrowing substantive provisions of state law as the rules of the road in national parks. In fact, such incorporation makes sense, because travellers would presumably be more familiar with local traffic laws than with a lesser-known set of federal traffic regulations. Moreover, it would be practically impossible to compile and keep current a regulation promulgated under 16 U.S.C. § 3 that expressly repeats each and every traffic regulation of every state within which there is a national park. Simply incorporating such substantive local laws is a simple, practical, and lawful method for the Secretary to adopt in promulgating a traffic code for the various parks, while maintaining a uniform, nationwide federal penalty system.

█ Finally, the Court finds that the citation to Maryland law (Md.Transp.Code Ann. § 16–303 (1987)) in the violation notice issued to the defendant in no way precludes his conviction under 36 C.F.R. § 4.2 (1988). The defendant was adequately apprised of the charges under Fed.R.Crim.P. 7, and he was not prejudiced in his ability to defend against the charge of driving-while-suspended, to which he pled guilty. In any event, as the Government points out in its brief, the maximum penalty under Maryland law is more severe than the maximum prescribed in 36 C.F.R. § 1.3(a) (1988).

For the reasons stated, an order will be entered separately, vacating the "consent to stay of entry of judgment" entered by the Magistrate on January 26, 1989, and remanding this case for sentencing in accordance with applicable federal statutes and regulations.

## ORDER

For the reasons stated in the foregoing Memorandum, IT IS, this 29th day of March, 1989, by the Court, ORDERED:

1. That the consent to stay entry of judgment entered by the Magistrate on January 26, 1989, BE, and the same hereby IS, VACATED;

2. That this case BE, and the same hereby IS, REMANDED to the Magistrate for sentencing pursuant to applicable federal statutes and regulations, in accordance with the foregoing Memorandum.