**UNITED STATES of America, Plaintiff,**

v.

**Michael ROGERS, Defendant.**

**No. 94–1400M.**

United States District Court, D. Colorado.

Sept. 26, 1994.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on September 20, 1994 for a hearing on the motion to dismiss the charge of driving under suspension filed by Defendant Michael Rogers. The prosecution was represented by AUSA James Winchester and Defendant was represented by Stuart Keown. Argument was provided by counsel, and the motion then was taken under advisement. Further argument is waived.

Defendant received three violation notices on July 16, 1994 at Rocky Mountain National Park (Park), a national park located within this District. One of the charges filed against him was driving under suspension. The prosecution has alleged that Defendant was driving in the Park on a Massachusetts license that had been suspended.

Defendant has filed a motion to dismiss the charge on the basis that it cannot legally stand. The prosecution has opposed the motion, arguing that Defendant may be convicted of this charge, even though his license suspension occurred within the State of Massachusetts.

█ In order to examine the issue involved in this motion, it is necessary to review how the case was filed in this Court. The Park is subject to exclusive federal jurisdiction. As such, Colorado traffic and criminal law applies to the Park only so far as allowed by the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, or by a provision of the Code of Federal Regulations.

Congress has provided that the Secretary of the Interior (Secretary) has the authority to promulgate rules and regulations for national parks, monuments, and reservations under the jurisdiction of the National Park Service. 16 U.S.C. § 3. Congress has decreed that violation of a promulgated regulation is punishable by fine and imprisonment up to six months. Further, Congress has specifically provided that § 3 is applicable to Rocky Mountain National Park. 16 U.S.C. § 197.

Stuart Keown, for defendant.

James W. Winchester, Asst. U.S. Atty., Denver, CO, for plaintiff.

■ Pursuant to the power granted by § 3, the Secretary has promulgated 36 C.F.R. § 4.2 which reads as follows:

(a) Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

(b) Violating a provision of State law is prohibited.

This regulation thus applies Colorado traffic law to the Park. The violation notice given to Defendant also refers to the ACA. The ACA has no applicability to the Park as to application of Colorado traffic statutes. *United States v. Brotzman,* 708 F.Supp. 713 (D.Md.1989); *United States v. Hall,* 979 F.2d 320 (3rd Cir.1992). It is the regulation that controls, not the ACA. Further, the penalty of the regulation is applicable, not what may be authorized by state law.

■ Defendant was charged under 36 CFR 4.2(b), as it incorporated *Colo.Rev.Stat.* § 42–2–130. This section of the Colorado traffic code was amended in 1993 by House Bill 93–1219. The parts of the amended statute that are at issue in this case read, in part, as follows:

(1)(a) Any person who drives a motor vehicle or all-terrain recreational vehicle upon any highway of this state with knowledge that such person's license or privilege to drive, either as a resident or a nonresident, is under restraint for any reason other than a conviction of an alcohol-related driving offense pursuant to section 42–4–1202(1) or (1.5) is guilty of a misdemeanor. . . .

(4) For purposes of this section, the following definitions shall apply:

(a) "Knowledge" means actual knowledge of any restraint from whatever source, or knowledge of circumstances sufficient to cause a reasonable person to be aware that such person's license or privilege to drive was under restraint. "Knowledge" does not mean knowledge of a particular restraint or knowledge of the duration of the restraint.

(b) "Restraint" or "restrained" means any denial, revocation or suspension of a person's license or privilege to driver a motor vehicle *in this state,* or any combination of denials, revocations, or suspensions. (emphasis added).

*Colo.Rev.Stat.* § 42–2–130. Defendant argues that the statute, as amended, allows for prosecution of driving under restraint charges only when the restraint on the license took place in Colorado. Defendant concedes that a charge of driving without a license would be proper. *Colo.Rev.Stat.* § 42–2–101(1).[1] Defendant challenges in this motion only the charge of driving under suspension. It is that charge Defendant wishes to have dismissed.

The prosecution's argument is that the entire Colorado Motor Vehicle Code must be read as a whole. When read as a whole, it is argued that the Colorado General Assembly did not want suspended drivers from other states using Colorado highways. Therefore, the prosecution argues the motion to dismiss should be denied.

Both sides acknowledge that there are no appellate decisions from the Colorado courts. Neither side provided any unreported cases from any Colorado district or county court. There has been no legislative history presented.

At first blush it would seem difficult to believe that the Colorado General Assembly would limit prosecutions for driving under restraint to those cases where the denial, revocation or suspension took place in this state. Yet, the definition in Subparagraph (4) specifically talks of a license action having taken place "in this state." Reality leads to the conclusion that this was exactly what was intended. Proof of a valid suspension action in another state would be difficult at best. In some cases, it would impossible. In any event, a Colorado court would be called upon to review the propriety and legality of a suspension, denial or revocation that occurred in another state. A vast majority of

---

1. Defendant also notes that a person with a valid license to drive from another state would be exempt from having a Colorado driver's license. *Colo.Rev.Stat.* § 42–2–102(1)(c). If that license were not valid, then the exemption would not be applicable.

Colorado courts, as well as district attorneys, would not have the legal research facilities available to determine if such action was proper.

■ On the other hand, a driver from another state must possess a valid license in order to be exempt from having a Colorado license. If the license issued by another state is invalid, then the exemption under Colo.Rev.Stat. 42–2–102(1)(c) does not apply. The charge becomes driving without a valid drivers' license, with a penalty up to six months in jail and a $500.00 fine. But for the mandatory jail sentence provided in *Colo. Rev.Stat.* § 42–2–130(1)(a), the penalties for both offenses are the same. The proof problems are dramatically different. A prosecution of a driving under restraint charge is much more difficult.

The Court finds that the language drafted by the Colorado General Assembly in House Bill 93–1219 makes clear that driving under restraint charges may only be prosecuted for those have been suspended, denied or revoked in Colorado. The Court further finds that driving without a valid license is a lesser included offense of driving under restraint, and the violation notice may proceed on the charge of driving without a valid license.

IT IS HEREBY ORDERED that Defendant's motion to dismiss the charge of driving under restraint under *Colo.Rev.Stat.* § 42–2–130(1)(a) is granted for the reasons set forth in this Memorandum Opinion; and

IT IS FURTHER ORDERED that the violation notice may proceed to trial on the lesser included charge of driving without a valid license under *Colo.Rev.Stat.* § 42–2–101(1).