**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5230

JEROMY SHANE RAFFIELD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, Chief District Judge.
(CR-95-2-M)

Argued: April 3, 1996

Decided: May 6, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and
HAMILTON, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Niemeyer and Judge Hamilton joined.

_____

**COUNSEL**

**ARGUED:** Christopher Wade Derrick, Asheville, North Carolina, for
Appellant. Jerry Wayne Miller, Assistant United States Attorney,
Asheville, North Carolina, for Appellee. **ON BRIEF:** Mark T. Cal-
loway, United States Attorney, Asheville, North Carolina, for Appel-
lee.

_____

**OPINION**

WILKINSON, Chief Judge:

Jeromy Shane Raffield was convicted of drunken driving, refusing to submit to a breath analysis, and driving without a license inside Pisgah National Forest, North Carolina. He contends that the United States has no jurisdiction to bring these charges against him. We disagree. North Carolina Code § 104-5 and 16 U.S.C. § 551 grant the United States concurrent jurisdiction over national forest lands located within North Carolina. Accordingly, we affirm the district court's exercise of jurisdiction here.

I.

On November 29, 1994, Raffield drove his Ford van through Pisgah National Forest. Jenny G. Davis, a United States Forest Service ("USFS") Officer, witnessed Raffield driving "in a reckless, erratic, and suspicious manner" on Yellow Gap Road, a gravel USFS road. She pulled Raffield over and administered field sobriety tests, which he failed. Raffield was arrested for drunken driving and taken to Buncombe County jail in North Carolina. Once at the jail, Raffield refused to take a chemical breath analysis.

Under the Assimilative Crimes Act, North Carolina crimes become federal crimes when they occur on federal lands within North Carolina where federal jurisdiction exists. See 18 U.S.C. §§ 7(3), 13. Pursuant to the Assimilative Crimes Act, Raffield was charged with operating a motor vehicle under the influence of an intoxicating beverage, 18 U.S.C. § 13, N.C. Stat. § 20-138.1(a), refusing to submit to a chemical breath analysis, 18 U.S.C. § 13, N.C. Stat. § 20-139.1, and operating a motor vehicle without a valid license, 36 C.F.R. § 261.54. Raffield brought a motion to dismiss the charges on the ground that the United States lacked jurisdiction to prosecute him for those crimes. The magistrate judge denied this motion. Raffield then pled guilty to all three charges and appealed the jurisdictional issue to the district court. The district court affirmed the magistrate judge. Raffield now appeals the jurisdictional issue to this court.

2

II.

A.

In order for the United States to obtain jurisdiction over national forest lands, "both the state and federal governments [must] agree to the transfer" of jurisdiction. United States v. Johnson, 994 F.2d 980, 984 (2d Cir.), cert. denied, 114 S.Ct. 418 (1993). Thus, "Congress can acquire exclusive or partial jurisdiction over lands or waters within a state by the state's consent or cession." United States v. Brown, 552 F.2d 817, 820 (8th Cir.), cert. denied, 431 U.S. 949 (1977). Section 104-5 of the North Carolina Code provides for a partial cession of North Carolina's jurisdiction over national forest lands:

> The United States is authorized to acquire . . . such lands in North Carolina as in the opinion of the federal government may be needed for the establishment of a national forest reserve in that region. This consent is given upon condition that the State of North Carolina shall retain a concurrent jurisdiction with the United States in and over such lands . . . . Power is hereby conferred upon Congress to pass such laws and to make or provide for the making of such rules and regulations, of both civil and criminal nature, and to provide punishment therefor, as in its judgment may be necessary for the management, control, and protection of such lands . . .

While North Carolina has consented to concurrent jurisdiction over both civil and criminal matters that occur on national forest lands, the United States government must also "agree to the transfer." Johnson, 994 F.2d at 984. Here, the United States has accepted jurisdiction over all such forest lands pursuant to 16 U.S.C.§ 551:

> The Secretary of Agriculture shall make provisions for the protection against . . . depredations upon the public forests and national forests . . . and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely to regulate their occupancy and use and to preserve the forests . . . and any viola-

3

> tion of . . . such rules and regulations shall be punished by a fine . . . or imprisonment.

Courts have held that § 551 confers broad federal jurisdiction over activities that affect the national forests. See , e.g., United States v. Arbo, 691 F.2d 862 (9th Cir. 1982) (Section 551 confers federal jurisdiction over interference with the federal inspection of a mining claim adjacent to a national forest); United States v. Lindsey, 595 F.2d 5 (9th Cir. 1979) (Section 551 confers federal jurisdiction over campers on river bed adjacent to a national forest); see also United States v. Craner, 652 F.2d 23 (9th Cir. 1981) (recognizing that the federal government may prosecute drunk drivers in national parks pursuant to a statute similar to § 551, 16 U.S.C. § 3).

Raffield seeks to escape the language of § 551 by arguing that another provision of the forestry code, 16 U.S.C.§ 480, prevents § 551 from acting as an acceptance of concurrent federal jurisdiction. Section 480 provides that "the State wherein any such national forest is situated shall not, by reason of the establishment thereof, lose its jurisdiction." This language, however, means only that the mere establishment of the forest does not alter the jurisdictional status of the land. It does not in any way preclude state and federal governments from entering into a relationship of concurrent jurisdiction.

In fact, without concurrent jurisdiction, the federal government would be unable to protect the forests' many visitors as well as the forests' plant and animal species. USFS Officers are trained to detect and apprehend criminals in the wilderness, and without their expertise, the national forests would not be safe for man or beast. Because North Carolina and the United States have agreed to the creation of concurrent jurisdiction within North Carolina's national forests, the United States has the jurisdiction to enforce federal laws within those forests.

B.

Here, Raffield was charged by the United States with driving under the influence of an intoxicating beverage and refusing to submit to a chemical breath analysis, both North Carolina offenses. Under the Assimilative Crimes Act, however, these North Carolina crimes

4

become federal crimes when they occur on federal land where concurrent jurisdiction has vested:

> Whoever within [any lands reserved or acquired for the use of the United States and under the concurrent jurisdiction thereof] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State [ ] in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13; see 18 U.S.C. § 7(3). Indeed, the Assimilative Crimes Act specifically contemplates convictions for "operating a motor vehicle under the influence of a drug or alcohol" while on federal lands. 18 U.S.C. § 13(b)(1). Because Raffield committed federal crimes on "lands reserved or acquired for the use of the United States, and under the . . . concurrent jurisdiction thereof," 18 U.S.C. § 7(3), the United States properly exercised its jurisdiction pursuant to 16 U.S.C. § 551.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

5