**UNITED STATES of America, Plaintiff,**

v.

**Josh J. FRITZ, Defendant.**

**No. 23C/F058187.**

United States District Court,
D. Colorado.

Nov. 12, 1998.

Sheilah M. Rogers, Asst. U.S. Atty., for Plaintiff.

Arnold K. Miller, Littleton, CO, for Defendant.

**MEMORANDUM OPINION
AND ORDER**

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on the motion to dismiss filed by Josh J. Fritz (Defendant). Plaintiff is represented by Sheilah M. Rogers, Assistant United States Attorney, and Defendant is represented by Arnold K. Miller. The Court has reviewed the motion and response of the prosecution. Further argument will be waived.

On May 24, 1998, Defendant was cited by a forest service officer who was on patrol in the Roosevelt National Forest. The original charge was driving without a valid drivers license. A information was filed by the prosecution. A superseding information then was filed which charged Defendant as follows:

The United States Attorney charges that:

On or about May 24, 1998, in the Roosevelt National Forest, in the State and District of Colorado, JOSH J. FRITZ, did operate a motor vehicle without a valid license, as required by Colo.Rev.Stat. §§ 42–2–101 and 42–2–206, in violation of 16 U.S.C. § 551 and 36 C.F .R. §§ 4.2 and 261.13(a).

It is not disputed for purposes of this motion that Defendant was driving a motor vehicle in the Roosevelt National Forest. Defendant argues that any driving was done off-road and, therefore, this charge is inappropriate and must be dismissed.

In order to resolve the issue raised in Defendant's motion, it is necessary to examine the legal framework upon which this charge is brought. The Roosevelt National Forest is under the control of the Department of Agriculture. Congress has provided in 16 U.S.C. § 551 as follows:

The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside or which may be hereafter set aside under the provisions of section 471 of this title, and which may be continued; and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of the provisions of this section, sections 473 to 478 and 479 to 482 of this title or such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both. Any person charged with the violation of such rules and regulations may be tried and sentenced by any United States magistrate specially designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions as provided for in section 3401(b) to (e) of Title 18.

This section confers on the Secretary of Agriculture broad discretion to manage the national forests. *United States v. Raffield,* 82 F.3d 611, 612 (4th Cir.1996).

The prosecution has cited two regulations in the Superseding information, 36 C.F.R. §§ 4.2 and 261.13(a). The former section reads as follows:

(a) Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made part of the regulations in this part.

(b) Violating a provision of State law is prohibited.

This regulation is, in essence, an administrative attempt to adopt all state traffic regulations not otherwise covered by specific regulations. *United States v. Rogers,* 865 F.Supp. 718 (D.Colo.1994).

The problem facing the prosecution as it pertains to § 4.2 is that the section is not applicable to property not under the control of the Department of Interior. This regulation has been promulgated by the Secretary of the Interior pursuant to 16 U.S.C. § 3. *Id.* at 720. The regulation is applicable to property controlled by the National Park Service. *Id.* at 719; *United States v. Farmer,* 820 F.Supp. 259, 262 n. 1 (W.D.Va.1993). It is not applicable to property under the control of the Secretary of Agriculture. There is no dispute that Defendant was not driving on any property controlled by the National Park Service. Defendant's motion to dismiss as to any allegation under 36 C.F.R. § 4.2 must be granted.

The prosecution's second cited regulation reads as follows:

Use of vehicles off roads.

It is prohibited to operate any vehicle off Forest Development, State or County roads:

(a) Without a valid license as required by State law.

36 C.F.R. § 261.13. This regulation has been promulgated by the Secretary of Agriculture and is applicable to the Roosevelt National Forest. As mentioned previously, it will be assumed that Defendant was driving off-road in the forest.

Defendant's argument is based upon the language of Colo.Rev.Stat. § 42-2-101 which reads, in part, as follows:

(1) Except as otherwise provided in part 4 of this article for commercial drivers, no person shall drive any motor vehicle upon a highway in this state unless such person has been issued a currently valid driver's, minor driver's, or provisional driver's license or an instruction permit by the department under this article.

Defendant argues that no driver's license is required in Colorado, except to drive on a highway. The definition of a "highway" under Colorado law is found at Colo.Rev.Stat. § 42-1-102(43) and reads as follows:

"Highway" means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular traffic or the entire width of every way declared to be a public highway by any law of this state.

This definition would be applicable to highways and public roads under state control. It is clear that a motor vehicle operator on private property is not required to have a valid driver's license.

The prosecution has responded to Defendant's motion with two approaches. First, the prosecution argues that the evidence will show that Defendant was revoked as an habitual traffic offender under Colo.Rev.Stat. § 42-2-201, *et seq.* The prosecution argues that this provision of Colorado law is applicable anywhere within the state. Colo.Rev. Stat. § 42-2-205(1) provides, in part, that "nor shall an habitual offender operate a motor vehicle in this state for five years."

Colo.Rev.Stat. § 42-2-206(1) provides, in part, that "[i]t is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect." The prosecution points to this section to support its position. The Court would note that the entire Habitual Offenders section is not a

model of clarity, as some language could be construed to limit the provision to "highways." Colo.Rev.Stat. § 42-2-201(1)(b)("[t]o deny the privilege of operating motor vehicles on such highways..."); Colo.Rev.Stat. § 42-2-206(2)(duty on court to require district attorney to determine if person is an habitual offender and barred from "operating a motor vehicle on the highways of this state.").

■ The language of Colo.Rev.Stat. § 42-2-205 is clear. No individual shall operate a motor vehicle in the State of Colorado for five years after being revoked as an habitual offender. That status, if proven at trial, precludes Defendant from having a valid license and prohibits him from driving anywhere. Section 261.13 prohibits operation of a vehicle off-road without a valid license as required by state law. Under Colorado law, Defendant is precluded from driving because of his habitual offender status. Therefore, the charge in the Superseding Information may proceed on this basis.

■ The prosecution further argues that lack of a valid driver's license in and of itself would be a violation of § 261.13. Defendant's argument is plausible, but overlooks the construction of the regulation itself. The Secretary of Agriculture has provided that no person may drive a vehicle off-road unless that person has a valid license. The term "valid license as required by State law" could be read in the fashion advanced by Defendant, or it could reflect the Secretary of Agriculture's determination that no one may drive without a valid license. In light of the broad power granted to the Secretary of Agriculture through 16 U.S.C. § 551, the Court determines that the more reasonable construction of § 261.13(a) is that a license is required to drive off-road in national and public forests, and that the reference to "highways" in Colo.Rev.Stat. § 42-2-101(1) means nothing as it relates to the Roosevelt National Forest or other forests under the control of the Secretary of Agriculture. Defendant's motion to dismiss is denied as to this argument.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is granted as to any

reference to 36 C.F.R. § 4.2 in the Superseding Information; and

IT IS FURTHER ORDERED that Defendant's motion to dismiss is denied in all other respects.