**UNITED STATES of America**

v.

**Valeria JOHNSON, Defendant.**

**No. CR. 00–1324JKB.**

United States District Court, D. Maryland.

Feb. 12, 2001.

Stanford G. Gann, Jr., Levin and Gann, Towson, MD, for Steven B. Warren.

Jeffrey H. Scherr, David J. Shuster, Kramon & Graham, P.A., Baltimore, MD, for NVR Homes, Inc.

## *ORDER*

BREDAR, United States Magistrate Judge.

Prior to her trial on the merits, Defendant moved to dismiss the case for lack of jurisdiction because the violation notice that charged her with violating a state criminal statute did not cite the Assimilative Crimes Act. I reserved ruling on the motion and proceeded with the trial. After a trial, I ruled that a judgment of not guilty should be entered. I now consider whether the Court has jurisdiction to enter any judgment at all. For the reasons set forth below, I DENY Defendant's Motion to Dismiss.

### Facts

On the morning of October 23, 2000, at the Social Security Administration complex in Baltimore, Maryland, an officer with the General Services Administration issued a "United States District Court Violation Notice" to Defendant Valeria Johnson. Under the heading "Offense Charged," the officer wrote, "Article 5–801 (unattended child)." Under the heading "Offense Described," the officer wrote, "Did, being charged with the care of Darien Williams, a child under the age of 8 years old, allowed said child to be Locked/confined in a motor vehicle being out of his/her sight and while he/she was absent from."

Immediately before trial, counsel for the prosecution explained that "Article 5–801 (unattended child)" actually referred to Section 5–801 of the Family Law Article of

the Maryland Code.[1] Despite the ambiguity of the citation, defense counsel indicated that she was aware that the violation notice charged a violation under this section. Defendant did not contend that the violation notice gave her insufficient notice of the charge against her.

Instead, Defendant argued that the Court did not have jurisdiction. Defendant reasoned that because the violation notice did not mention the Assimilative Crimes Act in conjunction with the Maryland statute, it only charged a violation of state law. Because federal courts do not ordinarily have jurisdiction over state crimes, Defendant continued, this Court lacks jurisdiction over this case.

## Analysis

■ Federal district courts have original jurisdiction over "all offenses against the laws of the United States" by virtue of Section 3231 of Title 18 of the United States Code. Under the Assimilative Crimes Act, Maryland crimes become federal crimes when they occur on federal lands within Maryland where federal jurisdiction exists. *See United States v. Raffield*, 82 F.3d 611, 611 (4th Cir.1996) (citing 18 U.S.C. §§ 7(3), 13). Pursuant to the Assimilative Crimes Act, a violation of Section 5–801 of the Family Law Article of the Maryland Code is a federal crime when it occurs on federal property such as the Social Security Administration complex. Therefore, this Court has jurisdiction over such a case.

■ Defendant has cited no cases, and this Court has found none, that suggest that the Government's failure to refer to the Assimilative Crimes Act in the charging document renders that Act inapplicable to the crimes charged within. The Act applies of its own force to state law crimes committed on federal lands under federal jurisdiction, *cf. United States v. Robinson*, 495 F.2d 30, 33 (4th Cir.1974) (noting that the Act "operates *ex proprio vigore*"), *overruled on other grounds by United States v. Young*, 916 F.2d 147, 151 (4th Cir.1990), not merely when the Government invokes it. The Act, not the charging document, makes a violation of certain Maryland laws on federal land under federal jurisdiction a federal crime.

■ Although it did not deprive the Court of jurisdiction, Defendant could have argued that she did not receive adequate notice of the charge against her as a result of the officer's failure to refer to the Assimilative Crimes Act and correctly cite the Maryland statute in the violation notice. For petty offenses committed on federal enclaves, a "violation notice is the functional equivalent of an indictment or an information." *United States v. Moore*, 586 F.2d 1029, 1031 (4th Cir.1978). Like indictments and informations, a violation notice should cite the statute that the defendant is charged with violating. *See* FED. R. CRIM. P. 7(c)(1) (providing that "[t]he indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated"). Failure to do so does not justify dismissing the case, however, unless the Defendant was prejudiced by the omission. *See United States v. Brotzman*, 708 F.Supp. 713, 716 (D.Md.1989) (Smalkin, J.). In this case, the officer's failure to correctly cite the statutes did not require dismissal because she waived the issue and because—as demonstrated by her acquittal—she was not prejudiced by the omission.

1. That section provides that "[a] person who is charged with the care of a child under the age of 8 years may not allow the child to be locked or confined in a ... motor vehicle while the person charged is absent and the ... motor vehicle is out of the sight of the person charged unless the person charged provides a reliable person at least 13 years old to remain with the child to protect the child." MD.CODE ANN., FAM. LAW, § 5–801(a) (1999). "A person who violates this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $500 or imprisonment not exceeding 30 days, or both." *Id.* § 5–801(b).

■ Although the officer's failure to cite the statutes correctly did not require the Court to dismiss the charges, the Government should inform its law enforcement officers of the proper way to cite state crimes charged under the Assimilative Crimes Act. An officer should cite to both the Assimilative Crimes Act and the state statute. It can cite to the former by writing "18 U.S.C. sec. 13" alongside the reference to the Maryland statute under the heading "Offense Charged."

Officers also need to be trained about the proper way to cite Maryland law. As counsel are aware, the Maryland Code consists of articles denominated either by a number or a name. These articles are further subdivided into sections. Article 27 contains many but not all of the state's statutory crimes. The Transportation Article, for instance, contains most of the crimes that a person can commit while driving an automobile. In the present case, the crime charged was codified in the Family Law Article. Individual crimes are generally described in individual sections of an article. In the present case, the officer wrote that Defendant violated "Article 5–801." The number "5–801" actually described the section number. Nowhere in the violation notice does the officer indicate that this section is located in the Family Law Article. Indeed, the phrase written by the officer could send a layperson looking to Article 5 of the Maryland Code, which has been repealed. Unfortunately, it is not unusual for officers to misidentify the section number as an article number and fail to identify the article in which the section appears. For future reference, the following is an appropriate way to cite crimes found in a numbered article:

Md.Code, art. [no.], sec. [no.].

The following is an appropriate way to cite crimes found in a named article:

Md.Code, [name] Art., sec. [no.].

When the defendant has a lawyer, the officer's failure to correctly cite the law violated will usually result only in a minor inconvenience for counsel and the Court. Violation notices are generally used for relatively minor offenses, however, and defendants in such cases are frequently unrepresented. To be sure, many of these defendants will not, at first, understand or recognize the applicable provision of law when they read even a correct legal citation on their violation notice. But a correct citation will enable them, if they choose, to walk into a public library, pull a volume of the Maryland Code off the shelf, and read the law that they are accused of violating before they are expected to defend themselves in court. Basic fairness demands that accused persons receive the notice they need to find, with relative case, the law that they are charged with violating. Where an officer's description of the offense is incomplete or misleading,[2] a defendant appearing in court would ordinarily be entitled to an explanation of the charge and a continuance. In certain circumstances, dismissal may be warranted. In short, the interests of judicial economy and fundamental fairness are placed at risk when an officer cites the law incorrectly or incompletely.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.

2. Equally troubling are instances where the officer's writing on the violation notice is illegible. Such notices do not provide defendants with the information they need to prepare a defense and cause the same problems for defendants and the judiciary as incorrect citation of the law.