UNITED STATES of America, Plaintiff

v.

**Michael DUBIEL, Defendant**

**No. CIV. JKB–03–0386.**

United States District Court,
D. Maryland.

April 28, 2005.

Michael Dubiel, Dumfries, VA, pro se.

### *Memorandum Opinion*

GAUVEY, United States Magistrate Judge.

Presently pending before the Court is the defendant's motion to dismiss (Paper No. 10). The Court .denies the motion.

### I. Background

On December 23, 2002, Michael Dubiel, was charged with possession of a controlled substance in violation of 18 U.S.C. § 844(a) on a violation notice. On March 28, 2003, the defendant pled guilty and was represented by private counsel and sentenced on July 18, 2003 to two years of probation.

On November 17, 2004, the U.S. Probation Officer presented a petition to the Court for defendant's alleged violations of probation. At a violation of probation hearing held before the Hon. James K. Bredar on March 14, 2005, the issue arose as to whether the defendant's prior guilty plea could be taken on a violation notice. The defendant has moved to dismiss the petition for probation violation, vacate the original judgment and dismiss the violation notice, arguing that Fed.R.Civ.P. 58 requires that a Class A misdemeanor cannot proceed to final disposition on a violation notice.

### II. Discussion

Federal Rule of Criminal Procedure 58 governs the procedures for petty offenses and other misdemeanors. Subsection (1) (charging document) of Rule 58(b) (Pretrial Procedure) provides that "[t]he trial of a misdemeanor may proceed on an indictment, information, or complaint. The trial of a petty offense may also proceed on a citation or violation notice." Fed. R.Crim.P. 58(b)(1). Subsection A ("Plea before a Magistrate Judge") of Rule 58(b)(3) ("Arraignment") does not specify the type of charging document necessary at an arraignment.

Under a "plain meaning" approach, the Rule clearly requires an indictment, information, or complaint for a misdemeanor when the case goes to trial. See *U.S. v. Lehman,* 225 F.3d 426 (4th Cir.2000) ("A fundamental canon of statutory construction requires that 'unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.' ") (quoting *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)); 2A Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 46.1 (6th ed.2000). The operative word "trial" means a "formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1510 (7th ed.1999). Clearly, "trial" does not include the separate proceedings for the entry of a guilty plea. Thus, when a misdemeanor does not go to trial, but a defendant pleads guilty, none of the enumerated types of charging documents are necessary; a violation notice or citation would be sufficient. A straightforward construction of Rule 58(b) indicates a defendant may enter a guilty plea to a misdemeanor based on a violation notice.

When a defendant pleads guilty or *nolo contendere,* a court does not conduct a full-scale examination of evidence. Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that he understands, the nature of the charge or charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and various other rights. *United States v. DeFusco,* 949 F.2d 114, 120 (4th Cir.1991); Fed. R.Crim.P. 11(b)(1). Also, a court "must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). The Advisory Committee Notes indicate that the purpose of requiring a factual determination is to protect the rights of the defendant:

> The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged... to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

Fed.R.Crim.P. 11 advisory committee's notes. Rule 11 "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *DeFusco,* 949 F.2d at 120.[1]

This requirement under Rule 11 necessitates a clear statement of the facts alleged and the crime charged. But if the violation notice provides this, the Court can discharge its duties under Rule 11 and the defense counsel can discharge her duties in evaluating whether the prosecution has the factual predicate for the crime charged.

Moreover, the history of Rule 58 does not suggest a different meaning than that reached by examination of the plain language alone.[2] The advisory committee notes in the predecessor Rules for the Trial of Minor Offenses before United States Magistrates ("Magistrate Rules") clearly set forth: "A misdemeanor case above the petty offense level... may be initiated by citation or violation notice, and such a document will suffice if a plea of guilty or *nolo contendere* is entered, but if such a case is to go to trial then a complaint, information or indictment is necessary." Mag. R. 2 advisory committee's note (abrogated 1990). When the Magistrate Rules were replaced in 1990 by Fed. R.Crim.P. 58, the note was not incorporated into the notes of the new rule. Nevertheless, the notes to Rule 58 indicate that the implementation of Rule 58 did not affect the procedures under the Magistrate Rules: "A number of technical changes have been made throughout the rule and unless otherwise noted, no substantive changes were intended in those amendments. The Committee envisions no major changes in the way in which the trial of misdemeanors and petty offenses are currently handled." Fed.R.Crim.P. 58 advisory committee's note. Courts consider the Advisory Committee Notes to be a "reliable source of insight into the meaning of a

---

1. The factual basis determination need not occur at the outset of the plea hearing, but the court must make such inquiry prior to sentencing. *United States v. Martinez,* 277 F.3d 517, 531 (4th Cir.2002). The court is not required to establish the factual basis through the plea colloquy; rather, the court "may conclude that a factual basis exists from anything that appears on the record." *Id.* (quoting *DeFusco,* 949 F.2d at 120) (internal quotations omitted).

2. The Court does not believe that the language of the rule is ambiguous, allowing resort to extrinsic evidence. But reference to that extrinsic evidence does not, in any event, change the Court's conclusion.

rule" where there is no clear legislative intent otherwise. *U.S. v. Vonn,* 535 U.S. 55, 64 n. 6, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). And, courts are to interpret the rules in the light of the history of their adoption. 3A *Sutherland* § 67:14.

■ In light of the plain language of Rule 58(b) and the commentary reflecting no intent to change the procedures under the older Magistrate Rules, this Court concludes that a defendant may plead guilty to a Class A misdemeanor based on a violation notice under Rule 58(b) so long as that violation notice contains a sufficient statement of facts and clear citation of the crime charged to allow a judge to discharge her duties under Rule 11.[3]

In spite of the unambiguous language of Rule 58(b), the defendant in the instant case raises policy concerns about the entry of guilty pleas where a defendant is charged only on a violation notice. Specifically, defendant contends that a formal charging document is necessary so that he is protected from future prosecution for an offense to which he has already entered a guilty plea and that he is given notice of the charges against him in order to make an informed decision about entering a guilty plea. The Court agrees with the defendant that the offense for which the defendant is charged and for which he is entering a guilty plea must be crystal clear. However, the Court disagrees that this means that a crime must be charged

by an information, complaint or indictment to accept a guilty plea. This argument fails because a violation notice may sufficiently describe the alleged offense such that the defendant is "not prejudiced in his ability to defend against the charge." *United States v. Brotzman,* 708 F.Supp. 713, 716 (D.Md.1989); see also *United States v. Johnson,* 131 F.Supp.2d 721, 723 (D.Md.2001) ("For petty offenses committed on federal enclaves, a 'violation notice is the functional equivalent of an indictment or an information.' ") (quoting *United States v. Moore,* 586 F.2d 1029, 1031 (4th Cir.1978)).

There is a standard "Violation Notice" utilized on federal installations, DD Form 1805, Sep 1998, at least within the District of Maryland. If that violation notice is properly completed, including a statement of probable cause, it should provide essentially the same information, as an indictment, complaint or information and sufficient information for both the court and defense counsel to conduct a guilty plea proceeding.

The violation notice form itself contains blank fields for the alleged offense (both the statutory citation as well as a description of the offense), the defendant's name and address, the location at which the offense occurred, the charging officer's name, and vehicle information (if applicable). On the rear side of the form is space for a "statement of probable cause."[4] In

---

3. The Court conducted an informal survey of magistrate judges on April 4, 2005 via E-mail on practice and precedent on this issue. Some 32 magistrate judges responded. While a majority of responses indicated that Class A misdemeanors proceeded on an information or complaint in their districts, perhaps because of the optional nature of a probable cause statement, most judges stated that this was as a matter of practice and not necessarily required by the Federal Rules of Criminal Procedure.

4. The violation notice only requires a statement of probable cause "[f]or issuance of an arrest warrant or summons." A summons, as defined in Rule 4(b)(2) must be "in the same form as a warrant," that is, it must contain the defendant's name, a description of the offense charged, and be signed by a judge. Fed.R.Crim.P. 4(b)(1), (2). The difference between the two is that a warrant commands a defendant to be arrested and brought before a magistrate judge, whereas a summons commands the individual to appear at a set date and time. *Probable cause is a prerequisite to*

the Court's experience, this statement is sometimes illegible or sometimes not completed, but the arresting officer did write a probable cause statement in this case, which in conjunction with the rest of the information in the violation notice provide sufficient specificity to give him notice of the charge and protection against future prosecution for the same conduct—the defense concerns with proceeding on a violation notice. Even if the statement was not present, the proceedings that accompany a guilty plea discussed above may be sufficient to apprise a defendant of the nature of the charges to which he is pleading and allow the Court to make a factual basis determination based on the whole record, not on the violation notice alone. Of course, the defense counsel can request a statement or even demand discovery and the Court can decline to proceed without it.[5]

In comparison, a complaint, indictment, or information contains similar information. The indictment or information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed.R.Crim.P. 7(c)(1). Further, these charging documents must cite the statute, rule, or regulation for each count that the defendant is alleged to have violated. *Id.* A complaint is simply "a written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 3. Through the inclusion of a short factual statement, the defendant's constitutional right to know the details of the charges against him is satisfied. *See U.S. v. Quinn*, 359 F.3d 666, 672–73 (4th Cir.2004) (noting that an indictment is sufficient only if the factual circumstances are included for the specific offense).

The distinguishing factor among these charging documents is who formally brings the charges against the defendant: a grand jury presents a formal written accusation in the form of an indictment, 1 Wright, *Federal Practice and Procedure: Criminal* 3d § 121 (1999); an information is essentially an indictment that has been signed by a government prosecutor, *id.;* and, a complaint is a formal charge sworn before a magistrate judge, Fed.R.Crim.P. 3. And, of course, the difference between any of these three types of charging documents and a violation notice is the review of the charges by a person or agency independent of the citing law enforcement officer. That review very arguably offers greater protection to the defendant against unsupported charges, however, there is no indication that this procedural safeguard was intended to be provided at the Class A misdemeanor level. As noted, the violation notice issued for misdemeanors should provide the same "statement of the essential facts constituting the offense charged" through the "description of the offense" or "probable cause statement" sections. The fact that this information appears in a violation notice rather than in the form of a complaint, indictment, or information

---

both a summons and a warrant, Fed. R.Crim.P. 4 advisory committee notes, which is why the violation notice provides space for a factual statement in support of probable cause. Thus, a properly completed violation notice need not contain a statement of probable cause unless a warrant or summons is sought. Such a violation notice may not provide sufficient specificity.

**5.** Federal Rule of Criminal Procedure 16 governs the discovery process and does not distinguish between misdemeanor and felony crimes in the language of the rule or in the Advisory Committee Notes. Rule 58 is silent as to discovery, suggesting that Rule 16 governs discovery rights in all criminal cases, and, of course, the trial court generally has broad discretion over discovery in criminal cases, *see, e.g., U.S. v. Janati*, 374 F.3d 263, 273–74 (4th Cir.2004).

does not vitiate its effectiveness. Thus, a violation notice is not *per se* insufficient in informing a defendant of the charges brought against him.

 Of course, the Court must test the sufficiency of a violation notice on a case-by-case basis. In the case at bar, the violation notice was completed properly. The date and time of the offense was listed as "23 DEC 2002/0925." The offense charged section listed two statutes: "18 U.S.C. 13" and "21 U.S.C. ss [sic] 844a." The offense description stated, "Controlled Substance Possession, 21 USC § 844a." The defendant's name, address, date of birth, driver's license number, social security number, and vehicle tag information were all included. Finally, the statement of probable cause stated: "I state that on 23 Dec, 2002 while exercising my duties as a law enforcement officer in the FGGM [Fort George G. Meade] District of Maryland the aforementioned individual was found to be in possession of a green leafy substance suspected of being marijuana during routine physical security inspection. Substance tested positive for THC using Duquenois Levine Reagent [sic] test kit." The statement was undersigned by the officer.

Based on the information included in this violation notice, which gives equal or greater factual underpinnings for the offense charged than present in some indictments or informations, the Court concludes that the violation notice sufficiently apprised the defendant of the charges brought against him such that he could make an informed decision in entering his plea.

The defendant raises an additional argument in his motion to dismiss about the propriety of his challenge to the original violation notice at this point in time, i.e. after he had pled guilty and was serving probation for the offense. Because the Court has concluded that the violation no-

tice properly served as the basis for his guilty plea, the Court need not reach this issue.

III. Conclusion

For the foregoing reasons, the Court ORDERS that the defendant's motion to dismiss be DENIED.